IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-03292-NYW-TPO

LAUREN LUIZZI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings on Plaintiff's Second Claim for Relief (the "Motion") filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"). [Doc. 23, filed May 14, 2025]. The Court finds that oral argument would not materially assist in the resolution of this Motion. Having reviewed the Motion and corresponding briefing, the entire case file, and the applicable case law, the Motion is respectfully **GRANTED**.

## BACKGROUND

The Court takes the following facts from the Civil Complaint and Jury Demand ("Complaint"), [Doc. 5], and to the extent that they are not undisputed, presumes they are true for purposes of the Motion. *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012). On or about October 29, 2019, Plaintiff Lauren Luizzi ("Ms. Luizzi" or "Plaintiff") was driving her vehicle in Denver, Colorado. [Doc. 5 at ¶ 8; Doc. 24 at ¶ 2]. As Ms. Luizzi slowed down for a red light, the vehicle behind her failed to slow down and collided with the rear of Ms. Luizzi's vehicle. [Doc. 5 at ¶ 10]. The driver of the

other vehicle was solely at fault for the collision.  [*Id.* at ¶¶ 11–13].  As a result of the collision, Ms. Luizzi suffers from lasting physical impairment and has incurred, and will continue to incur, medical and other health care and rehabilitation expenses related to her injuries.  [*Id.* at ¶¶ 18–20].

At the time of the collision, Ms. Luizzi was insured under an automobile insurance policy (the "Policy") issued by State Farm.  [*Id.* at ¶ 15; Doc. 24 at ¶ 5].  The Policy was issued in Illinois, by an Illinois broker.  [Doc. 24 at ¶ 4].  The Policy provided uninsured and underinsured motorist benefits.  [Doc. 5 at ¶¶ 15, 23].  The driver of the other vehicle in the collision was underinsured.  [*Id.* at ¶ 14].  Accordingly, Ms. Luizzi filed a claim for payment of uninsured motorist benefits with State Farm.  [*Id.* at ¶ 30].  State Farm has delayed and/or denied payment of Ms. Luizzi's claim prior to the filing of this lawsuit.  [*Id.* at ¶ 31].

Ms. Luizzi initiated this lawsuit on September 27, 2024, in the District Court of Boulder County, Colorado, asserting the following claims against State Farm: (1) breach of contract for payment of underinsured motorist benefits; and (2) unreasonable delay and denial of insurance benefits under Colo. Rev. Stat. § 10-3-1115 ("Claim Two").  *See generally* [*id.*].  State Farm removed the action to the United States District Court for the District of Colorado, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, on November 26, 2024, [Doc. 1], and filed the instant Motion on May 14, 2025, [Doc. 23].  State Farm seeks judgment on the pleadings on Claim Two, Ms. Luizzi's claim under Colo. Rev. Stat. § 10-3-1115.  *See generally* [*id.*].  Ms. Luizzi responded to the Motion, [Doc. 24], and State Farm replied, [Doc. 27].  The Motion is thus ripe for review, and the Court considers the Parties' arguments below.

**LEGAL STANDARD**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) may be filed only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "Pleadings are closed within the meaning of Rule 12(c) if no counter or cross claims are at issue when a complaint and an answer have been filed." *Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 60 (D.D.C. 2007); Fed. R. Civ. P. 7(a). A claim may be dismissed under Rule 12(c) "either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim." *Essex Ins. Co. v. Tyler*, 309 F. Supp. 2d 1270, 1271 (D. Colo. 2004). In the first instance, a motion for a judgment on the pleadings "has utility principally when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Wright & Miller's Practice & Procedure § 1367 (3d ed. Nov. 2025 update). In the second instance, a party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2).

A Rule 12(c) motion is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents, at Arapahoe Cnty. J. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). In making her factual allegations, however, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this context, "plausibility" refers to "the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). The Court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

However, when evaluating a Rule 12(c) motion, the Court is not limited to the well-pled allegations contained in the Complaint but instead considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quotation omitted); *see also Hall v. District of Columbia*, 867 F.3d 138, 152 (D.C. Cir. 2017) ("A Rule 12(c) motion considers the defendants' answers together with the complaint . . . ."); *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) ("In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits."). A court should not grant

a Rule 12(c) motion unless "the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Ciber, Inc. v. ACE Am. Ins. Co.*, 261 F. Supp. 3d 1119, 1125 (D. Colo. 2017) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)).

## ANALYSIS

Defendant seeks dismissal of Claim Two, asserting that because the Policy's Illinois choice-of-law provision applies, Plaintiff cannot raise a viable claim under a Colorado statute such as Colo. Rev. Stat. § 10-3-1115. [Doc. 23 at 2]. Alternatively, Defendant argues that even if Colorado law were to apply, Claim Two does not include sufficient non-conclusory factual matter to state a claim. [*Id.*]. Plaintiff agrees that if the Policy's choice-of-law provision applies, then the claim is governed by Illinois law, but disagrees that the provision applies. [Doc. 24 at 3]. Plaintiff argues that the choice-of-law provision applies only to the "*interpretation and application* of the policy, not whether State Farm unreasonably delayed or denied benefits owed to Plaintiff," which is what is at issue in Claim Two. [*Id.* at 3, 6]. Plaintiff then contends that because the choice-of-law provision does not apply, and Colorado has the most significant relationship to the transaction and the Parties, Colorado law applies to Claim Two. *See* [*id.* at 3–4].

As previously stated, the basis for this Court's subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. *See* [Doc. 1 at 1]. When exercising diversity jurisdiction, a court applies the choice of law rules of the state in which it sits. *See, e.g.*, *Telectronics, Inc. v. United Nat'l Ins. Co.*, 796 F. Supp. 1382, 1389 (D. Colo. 1992) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). "Any conflict of laws analysis begins, perforce, with a determination whether a conflict actually exists."

5

*Richardson v. Allstate Fire and Casualty Ins. Co.*, 637 F. Supp. 3d 1186, 1190 (D. Colo. 2022); *see also United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 946 F. Supp. 861, 866 (D. Colo. 1996) ("Unless [an outcome-determinative] conflict exists, courts do not make choice of law decisions."). An outcome-determinative conflict exists whenever selecting one state's law over another "could create even the possibility of a different outcome." *See N8 Med., Inc. v. Colgate-Palmolive Co.*, 727 F. App'x 482, 485 (10th Cir. 2018) (citing *Fin. One Pub. Co. v. Lehman Bros. Special Fin.*, 414 F.3d 325, 331–32 (2d Cir. 2005)). When no outcome-determinative conflict exists, a court applies the forum state's law. *SELCO Cmty. Credit Union v. Noodles & Co.*, 267 F. Supp. 3d 1288, 1292 (D. Colo. 2017). Thus, unless there is an outcome-determinative conflict between Colorado law and Illinois law, Colorado law will apply to Plaintiff's claims in this action.

## I. Outcome-Determinative Conflict

Though the Parties did not expressly address this issue in their briefing,[1] the Court determines that an outcome-determinative conflict exists here, for two reasons. First, while both Colorado and Illinois have unreasonable delay/denial of benefits statutes, they have materially different requirements. Colorado's statute, Section 10-3-1115, allows a claimant "whose claim for payment of benefits has been unreasonably delayed or denied" to recover damages. Colo. Rev. Stat §§ 10-3-1115, 1116. Illinois's analog, Section 155 of the Illinois Insurance Code, requires that the "delay in settling a claim" be "vexatious

---

[1] Ms. Luizzi seems to implicitly acknowledge that there is an outcome-determinative conflict when she concedes "if the choice-of-law provision applies, then we are governed by Illinois Law. . . . The choice-of-law provision only applies to *interpretation and application* of the policy, not whether State Farm unreasonably delayed or denied benefits owed to Plaintiff. The disagreement is not one of interpretation, and both parties agree that the policy applies here." [Doc. 24 at 3]. Nevertheless, for avoidance of doubt, this Court briefly analyzes this preliminary issue.

6

and unreasonable" for a claimant to recover damages.  215 Ill. Comp. Stat. Ann. 5/155. Accordingly, Illinois's statute has an additional element that Colorado's does not:  i.e., that the insurer's conduct be willful.  *Compare Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (Illinois Insurance Code § 155 requires that "the evidence show[] that the insurer's behavior was willful and without reasonable cause."), *with Kisselman v. Am. Fam. Mut. Ins. Co.*, 292 P.3d 964, 973 (Colo. App. 2011) (Colo. Rev. Stat § 10-3-1115 "expressly deletes the requirement that an insurer 'knew that its delay or denial was unreasonable or . . . the insurer recklessly disregarded the fact that its delay or denial was unreasonable.'" (alteration in original)) *and TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1186 & n.15 (D. Colo. 2018) (observing that claims under Section 10-3-1115 "contain no requirement of willful conduct").

Second, the amount of damages available under each state's unreasonable delay/denial of benefits statute differs.  Under Colo. Rev. Stat § 10-3-1115, a plaintiff may be entitled to "two times the covered benefit" in addition to reasonable attorney fees, *see* Colo. Rev. Stat § 10-3-1116, whereas under Illinois's Insurance Code § 155, the maximum that a plaintiff may be entitled to is $60,000 plus attorney fees, *see* 215 Ill. Comp. Stat. Ann. 5/155.

Thus, if Illinois rather than Colorado law applies, Plaintiff would have (1) the additional burden of proving that State Farm's conduct was willful, and (2) a smaller amount of damages available to her.  This is an outcome-determinative conflict.  Given the conflict, the Court finds that it must engage in a choice-of-law analysis.

II.  **Choice of Law**

The Court's analysis applies Colorado's contract conflict-of-laws principles. Colorado follows the Restatement (Second) of Conflict of Laws for both contract and tort actions. *Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1310 (10th Cir. 2014). "[T]he objective of the Restatement (Second) is to locate the state having the 'most significant relationship' to the particular issue." *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372 (Colo. 1979).

"Generally, Colorado enforces contractual choice of law provisions, and follows the Restatement (Second) of Conflict of Laws for Contracts, § 187, in determining the enforceability of these provisions." *Am. Exp. Fin. Advisors, Inc. v. Topel*, 38 F. Supp. 2d 1233, 1238 (D. Colo. 1999). Section 187 provides, in pertinent part:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, . . . unless either
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue . . . ."

Restatement (Second) of Conflict of Laws, § 187 (1971).

"Under most circumstances, this [analysis of whether a contractual choice of law provision will be applied] is the court's first inquiry, and may obviate the need to consider which state has the most significant relationship to the transaction and the parties." *Kipling v. State Farm Mut. Auto. Ins. Co.*, 159 F. Supp. 3d 1254, 1265 n.3 (D. Colo. 2016); *see also Murray v. Crawford*, No. 08-cv-02045-KMT-KLM, 2009 WL 1837445, at *2 (D. Colo. June 26, 2009) ("Trumping the 'most significant relationship' test, however, is the

8

overarching default position in a contract dispute that federal courts should apply the law chosen by the parties in their contract . . . .").

Here, both Parties agree that the Policy contains a choice-of-law provision stating that "Illinois [law] will control . . . in the event of any disagreement as to the interpretation and application of any provision in this policy." *See* [Doc. 23 at 5; Doc. 24 at 2 ¶ 6]. The plain language of this provision identifies Illinois law as controlling, but Plaintiff argues that the provision does not apply, because it "only applies to *interpretation and application* of the policy, not whether State Farm unreasonably delayed or denied benefits owed to Plaintiff." [Doc. 24 at 3, 6]. Plaintiff does not explain this argument or cite any cases in support, and the Court respectfully disagrees.

A key element of a claim pursuant to Colo. Rev. Stat. § 10-3-1115 is that Plaintiff must show that benefits were owed under the Policy. *York v. Safeco Ins. Co. of Am.*, 540 F. Supp. 3d 1049, 1057 (D. Colo. 2021) ("[A] plaintiff must prove entitlement to benefits under the policy in order to prevail on a statutory unreasonable delay or denial of benefits claim."). Plaintiff admits that "if the choice-of-law provision applies, then we are governed by Illinois Law." *See* [Doc. 24 at 3]. Despite any argument otherwise, Ms. Luizzi concedes that the Policy applies here and the choice-of-law provision pertains to the *application* of the Policy. [*Id.*].

The weight of authority in this District is that "[o]nce it has been determined that the law of a particular state governs the interpretation of an insurance contract, any statutory insurance claims that implicate performance of the contract must also be raised under the law of the controlling state." *Werden v. Allstate Ins. Co.*, 667 F. Supp. 2d 1238, 1245 (D. Colo. 2009) (citing *Rush v. Travelers Indem. Co.*, 891 F.2d 267, 270 (10th Cir.

9

1989)); *Richardson*, 637 F. Supp. 3d at 1193; *Xcel Energy Servs., Inc. v. Nat'l Am. Ins. Co.*, No. 22-cv-02802-CNS-STV, 2023 WL 3764640, *2 (D. Colo. Jun. 1, 2023); *NBH Cap. Fin. v. Scottsdale Indem. Co.*, No. 19-cv-02153-RMR-MEH, 2022 WL 3597118, at *6 (D. Colo. Mar. 30, 2022).  Plaintiff offers no authority to the contrary.  Nor does Plaintiff argue that this case fits into the two exceptions laid out in Section 187 of the Restatement (Second) of Conflict of Laws, i.e. that Illinois has no substantial relationship to the Parties or the transaction and there is no other reasonable basis for the parties' choice, or that applying Illinois law would be contrary to one of Colorado's fundamental policies.  *See* Restatement (Second) of Conflict of Laws, § 187.  This lack of showing is sufficient to end the Court's analysis.  *C.f. Haggard v. Spine*, No. 09-cv-00721-CMA-KMT, 2009 WL 1655030, at *3 (D. Colo. June 12, 2009) ("Colorado courts will enforce contractual choice of law provisions unless a party can prove the twin requirements of § 187.").

Given that the Parties contracted for an Illinois choice of law, and neither exception in Section 187 of the Restatement (Second) of Conflict of Laws is satisfied, the Court holds that that Illinois law is controlling for any statutory claim based on unreasonable delay or denial of benefits.  Accordingly, Ms. Luizzi cannot pursue Colorado statutory remedies under Colo. Rev. Stat § 10-3-1115, and the Motion for Judgment on the Pleadings on Plaintiff's Second Claim for Relief is respectfully **GRANTED**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Defendant's Motion for Judgment on the Pleadings on Plaintiff's Second Claim for Relief [Doc. 23] is **GRANTED**; and

10

  (2)  Plaintiff's Claim Two for unreasonable delay and denial of insurance benefits under Colo. Rev. Stat. § 10-3-1115 is **DISMISSED with prejudice**.[2]

DATED:  December 4, 2025       BY THE COURT:

                     _____
                     Nina Y. Wang
                     United States District Judge

---

[2] "A claim dismissed under Rule 12(c) may be dismissed with or without prejudice, as would be otherwise warranted." *Valentine v. Verizon Wireless, LLC*, No. 23-cv-02698-DDD-KAS, 2024 WL 4202135, at *3 (D. Colo. Aug. 22, 2024), *report and recommendation adopted*, 2024 WL 4551635 (D. Colo. Sept. 10, 2024), *aff'd*, No. 24-1397, 2025 WL 1742828 (10th Cir. June 24, 2025).  Dismissal with prejudice is appropriate because this Court finds that Claim Two is not viable as a matter of law, and any attempt to amend would be futile.  *Cf. Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (holding that "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile").

11